UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY M.,<br>　　　　Plaintiff,<br>　　v.<br>ANDREW M. SAUL,<br>　　　　Defendant. | Case No.  19-cv-06585-DMR<br><br>**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 16, 17 |

Plaintiff Kimberly M. moves for summary judgment to reverse the Commissioner of the Social Security Administration's (the "Commissioner's") final administrative decision, which found Plaintiff not disabled and therefore denied her application for benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. [Docket No. 16 ("Pltf. Mot."), 18 ("Reply").] The Commissioner cross-moves to affirm. [Docket No. 17 ("Def. Mot.").] For the reasons stated below, the court grants Plaintiff's motion, denies the Commissioner's cross-motion, and remands this case for further proceedings.

## I.　PROCEDURAL HISTORY

Plaintiff filed an application for Social Security Disability Insurance ("SSDI") benefits on October 29, 2015, which was initially denied on July 27, 2016 and again on reconsideration on January 5, 2017. Administrative Record ("A.R.") 138-42, 144-50, 206-07. An Administrative Law Judge ("ALJ") held a hearing on January 23, 2018 and issued an unfavorable decision on August 29, 2018. A.R. 21-38, 57-94. The ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine with spondylosis; migraine headaches; radiculopathy; and chronic joint arthropathies. A.R. 26-28. The ALJ found that Plaintiff retains the following residual functional capacity (RFC):

> [T]o perform light work as defined in 20 C.F.R. 404.1567(b) except

> for the following limitations: lifting or carrying 20 pounds occasionally and 10 pounds frequently; sitting, standing, or walking for six hours in a normal eight-hour workday; allowing for a need to use an assistive device, such as a cane or a walker, to ambulate distances over 100 yards; requiring the ability to change positions by standing or sitting for 25 seconds every hour at her workstation, while remaining on task (i.e., a sit-stand option); occasionally climbing ramps, stairs, ladders, ropes, or scaffolds; frequently balancing, kneeling, or crouching; occasionally stooping or crawling; requiring one unscheduled 10 minute break during the workday, in addition to normal breaks, but not consistently needing an unscheduled break every day; and requiring the ability to miss up to one day of work a month at times, but not consistently missing one day every month.

A.R. 29-31. Relying on the opinion of a vocational expert ("V.E.") who testified that an individual with such an RFC could perform Plaintiff's past relevant work of administrative assistant, the ALJ concluded that Plaintiff is not disabled. A.R. 31-32, 89-91.

After the Appeals Council denied review, Plaintiff sought review in this court pursuant to 42 U.S.C. § 405(g).

**II.   ISSUES FOR REVIEW**

Plaintiff argues that the ALJ erred in (1) improperly discounting Plaintiff's subjective pain testimony; (2) failing to consider the medications Plaintiff takes for her pain and the effect of those medications on her ability to work; and (3) formulating an inaccurate RFC with regards to Plaintiff's need for a cane. Pltf. Mot. at 19-23.

**III.   STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits. "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a mere scintilla, but less than a preponderance." *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir.1996) (internal citation and quotation marks omitted). When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence."

*Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citation and quotation marks omitted).

If the evidence reasonably could support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "Finally, the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citations and internal quotation marks omitted).

## IV. DISCUSSION

### A. Subjective Pain Testimony

Plaintiff first argues that the ALJ erred in improperly discounting her subjective pain testimony. A.R. 19-21. The court agrees.

#### 1. Legal Standard

The determination of whether or not to accept a claimant's testimony regarding subjective symptoms, like pain, requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citations omitted). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms "based solely on a lack of objective medical evidence to fully corroborate the alleged severity of" the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc) (citation omitted). Absent affirmative evidence that the claimant is malingering, the ALJ must provide "specific, clear and convincing" reasons for rejecting the claimant's testimony. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citation omitted). The Ninth Circuit has reaffirmed the "specific, clear and convincing" standard applicable to review of an ALJ's decision to reject a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

### 2. Analysis

Plaintiff testified to a variety of disabling symptoms. Most pertinently, she testified that she suffers from such severe back pain that she has to spend significant time lying in bed with a pillow between her legs, and even on good days when she is able to get out of bed, she cannot sit or stand for more than ten minutes straight without having to change positions. A.R. 81-82. While the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms including back pain, the ALJ did not credit Plaintiff's testimony about the intensity, persistence, and limiting effects of her symptoms. A.R. 30. Instead, the ALJ found that Plaintiff is able to sit or stand for up to six hours out of an eight-hour workday as long as she is given the opportunity to change positions for 25 seconds once every hour. A.R. 29. This finding is plainly inconsistent with Plaintiff's subjective testimony that, even on good days, she has to spend half the day lying in bed and is only able to sit or stand for ten minutes at a time. A.R. 81-82. Accordingly, the ALJ was required to either show affirmative evidence of malingering or offer "specific, clear and convincing" reasons to discount Plaintiff's testimony. *Vasquez*, 572 F.3d at 591. She did not do either.

First, the ALJ did not find that Plaintiff was malingering or point to any affirmative evidence that would support such a claim. *See* A.R. 30. Second, the only explanation that the ALJ gave for discounting Plaintiff's back pain testimony was that it was inconsistent with the medical evidence and other evidence in the record because "the record does not show [back pain] related limitations that are *wholly preclusive* of managing activities of daily living or engaging in lighter exertional activities." A.R. 30 (emphasis added).[1] This explanation fails to meet the standard of a "specific, clear and convincing" reason for discounting Plaintiff's testimony because it does not explain what parts of Plaintiff's testimony are inconsistent with what other parts of the record. *Vasquez*, 572 F.3d at 592 (finding ALJ decision insufficient where "the ALJ made no specific findings in support of her conclusion that Vasquez's claims were not credible, other than the vague allegation that they were 'not consistent with the objective medical evidence'"); *Dodrill v. Shalala*, 12 F.3d 915, 918

---

[1] The ALJ offered other reasons to discount Plaintiff's testimony about her depression and migraine headaches, but those reasons do not apply to her back pain testimony. *See* A.R. 30.

(9th Cir. 1993) ("It's not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." (citation omitted)).

The ALJ's determination seems to be based on a mischaracterization of Plaintiff's testimony. The ALJ described Plaintiff as testifying that her back pain was "wholly preclusive of managing activities of daily living or engaging in lighter exertional activities." *See* A.R. 30. If that were an accurate summary of Plaintiff's statements, then even Plaintiff concedes there is contrary evidence in the record. *See* Pltf. Mot. at 20. However, the ALJ did not provide any citations for this alleged testimony and the court's review of the record did not reveal any statements by Plaintiff to this effect. Instead, Plaintiff explained that she was able to do some activities of daily living, like showering, preparing simple meals, doing dishes, driving short distances, and going grocery shopping, but only so long as these activities did not require her to sit or stand for more than ten minutes at a time. *See, e.g.*, A.R. 67, 79-82, 233-35. This is consistent both with other statements in the record that she is able to manage her activities of daily living to a certain extent, *see, e.g.*, A.R.443, 609, and with her testimony that her back pain requires her to spend significant time in bed and prevents her from sitting or standing for more than ten minutes at a time, *see, e.g.*, A.R. 81-82.[2]

In light of the fact that credibility determinations are normally the province of the ALJ, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citation omitted), the court remands the case for further proceedings.[3] On remand, if the ALJ discounts Plaintiff's subjective pain testimony,

---

[2] In his cross-motion, the Commissioner identifies what he believes are some contradictions within Plaintiff's testimony. Def. Mot. at 3-4. However, these alleged contradictions are not cited in the ALJ's decision, and therefore are post-hoc rationalizations that cannot support the decision. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [this court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." (citations omitted)).

[3] The court rejects the Commissioner's argument that the ALJ's error was harmless based on the other reasons offered by the ALJ to discount Plaintiff's subjective symptom testimony. Def. Mot. at 4. As noted in footnote 1, the other reasons the ALJ gave for discounting Plaintiff's subjective testimony applied to Plaintiff's testimony regarding depression and migraines, not to her testimony regarding back pain. *See* A.R. 30.

she must provide specific reasoning, along with citations to the record in support of her conclusions.

### B. Remaining Issues

Plaintiff also argues that the ALJ erred by: (1) failing to consider the effect of Plaintiff's pain medications on her ability to work and (2) formulating an inaccurate RFC with regard to Plaintiff's need for a cane. Pltf. Mot. at 21-23.

#### 1. Effects of Medication

Plaintiff argues that the ALJ erred by not taking into consideration the effects of Plaintiff's medications on her ability to work. Pltf. Mot. at 21-22. However, her function report and hearing testimony do not clearly explain that her medications impact her ability to work in a significant way. Plaintiff's function report notes in the section on medication side effects that some of her medications make her sleepy. A.R. 240. However, Plaintiff did not reference any medication-related sleepiness in the section on her work limitations. A.R. 233. Similarly, in her hearing testimony, Plaintiff mentioned that when she first stopped working in November 2014, one of the reasons was because she was on heavy doses of morphine at the time which were affecting her ability to do anything. A.R. 70-71. Yet when describing her daily routine and limitations, Plaintiff did not point to medication side effects as causing limitations or making her unable to work. A.R. 74-83. Given that Plaintiff herself did not rely on the side effects from her medication in describing her work limitations, the court finds no error in the ALJ's failure to consider those side effects in formulating the RFC.

#### 2. The RFC's Cane Limitation

The ALJ's RFC included a limitation "allowing for a need to use an assistive device, such as a cane or a walker, to ambulate distances over 100 yards." A.R. 29. Plaintiff argues that this limitation is not supported by the record, as she testified that she uses the cane to prevent falls when her back locks up, not to ambulate long distances. Pltf. Mot. at 22-23. The court agrees.

The ALJ determined that the record supports Plaintiff's need for a cane because it is included as a limitation in the RFC. However, the ALJ provided no support for adding a 100-yard condition on the use of a cane at work. The RFC's limitation providing for the use of a cane only when ambulating over 100 yards cannot be reconciled with Plaintiff's subjective testimony that

6

1    she needs to have the cane on hand to prevent falls in case her back locks up; she described that
2    this first happened when she was walking from the bathroom to her bedroom, a distance of
3    presumably less than 100 yards. *See* A.R. 83-84. In fashioning the cane limitation in the RFC, the
4    ALJ therefore must have discounted Plaintiff's subjective testimony regarding her need for a cane
5    to prevent falls even when walking only short distances. In order to do so, the ALJ was required
6    to provide specific, clear and convincing reasons, which the ALJ did not do. *See Vasquez*, 572
7    F.3d at 591; A.R. 30. This was error.

8        The Commissioner argues that the ALJ was justified in discounting Plaintiff's testimony
9    based on other evidence in the record regarding Plaintiff's ability to ambulate. Def. Mot. at 5-6.
10   However, the ALJ failed to cite this evidence (or any record evidence) as a reason for discounting
11   Plaintiff's testimony regarding needing a cane to prevent falls. *See* A.R. 30. In fact, the ALJ did
12   not even state that she was discounting Plaintiff's testimony regarding her need for a cane. *See*
13   A.R. 30. Accordingly, the court finds that the ALJ erred in fashioning a cane limitation that was
14   inconsistent with Plaintiff's subjective testimony about her need for a cane.

15       The court disagrees with the Commissioner's claim that any error with regard to the cane
16   limitation is harmless. *See* Def. Mot. at 6. Although the V.E. testified that it would not affect the
17   jobs available to Plaintiff if the cane limitation were changed to allow a cane for ambulating
18   distances less than 10 yards, A.R. 92-93, Plaintiff's testimony could be understood to mean she
19   needed a cane when standing up from a sitting position, or even when standing still, *see* A.R. 81,
20   83-84, 233, 242. The V.E. did not testify as to whether allowing cane use anytime the Plaintiff
21   was standing would affect the jobs available to her, and therefore the court cannot say that the
22   cane limitation error was harmless. *See* A.R. 92-93. Since this matter is already remanded on the
23   subjective pain testimony, it is possible that the ALJ will determine a different RFC. A more
24   restrictive cane limitation in combination with a new RFC may have a greater effect on the
25   available jobs. Therefore, on remand, if the ALJ does not award benefits or include a cane
26   limitation consistent with Plaintiff's subjective testimony, she must specifically state that she is
27   discounting Plaintiff's testimony and give specific, clear and convincing reasons for doing so.
28

## V. CONCLUSION

For the foregoing reasons, the court grants Plaintiff's motion, denies the Commissioner's cross-motion, and remands this case for further proceedings consistent with this order.

**IT IS SO ORDERED.**

Dated: March 3, 2021



_____
Donna M. Ryu
United States Magistrate Judge